IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KAREN DANA KHUEN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-20-798-SM |
| ANDREW M. SAUL, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Karen Khuen (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 21, 22.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings arguing the ALJ erred in his assessment of Plaintiff's mental impairments. Doc. 23, at 1. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

**C. Relevant findings.**

**1. Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 17-27; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since her alleged onset date of November 20, 2015 through her date last insured of June 30, 2019;

(2) had the following severe medically determinable impairments: dysfunction of major joints and spine disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] (RFC) to perform light work, with certain physical restrictions;

(5) was able to perform her past relevant work as a secretary (specific vocational preparation or SVP 6) and paralegal (SVP 7);

(6) was also able to perform jobs that exist in significant numbers in the national economy, including receptionist (SVP 3), information clerk (SVP 4), telephone solicitor (SVP 3), general clerk (SVP 3), customer service representative (SVP 3), and companion (SVP 3); and so,

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545 (a)(1).

3

(7) had not been under a disability since November 20, 2015 through June 30, 2019.

*See* AR 17-27.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the

4

evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

## B. Issues for judicial review.

Plaintiff argues "the ALJ failed to include an adequate discussion in the RFC of the effects of medically determinable mental impairments on [her] RFC, and he subsequently failed to explain how they affected the ability to perform past relevant work and other work in the national economy at the semiskilled and skilled level." Doc. 23, at 8.

### 1. The ALJ considered Plaintiff's mental health history in determining her mental impairments were not severe.

As the Commissioner points out, Plaintiff's adjustment disorder with depressed mood and anxiety are not disputed. Doc. 29, at 6; AR 18. At step two, the ALJ noted that these singly or in combination did not amount to a severe impairment, given neither a history of significant mental health treatment nor psychiatric hospitalization. AR 18, 575, 579. The ALJ found Plaintiff's mental impairments are not severe because they cause no more than mild limitations in the four mental functioning areas (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* at 18-19. The ALJ concluded Plaintiff's mental impairments "did not cause more than

5

minimal limitation in the claimant's ability to perform basic mental work activities and were therefore nonsevere." *Id.* at 18.

A mental impairment is not considered severe if it does not significantly limit a claimant's ability to do basic work activities such as understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1522. This is what the ALJ found when he found Plaintiff's mental impairments not severe. "Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." SSR 96-8p, 1996 WL 374184, at *6 (July 2, 1996 (Supp. 2020)).

In making this finding, the ALJ considered Dr. Nicole Stern's consultative examination. AR 20. Dr. Stern reported Plaintiff scored 30 out of 30 on the Mini Mental State Examination, suggesting normal cognition. *Id.* The ALJ concluded the examination provided "the best evidence for estimating [Plaintiff's] mental functioning." *Id.*

6

The ALJ also considered the state agency consultants' reports. *Id.* at 20. At the reconsideration level, Dr. David Clay found only mild restrictions in each of the four mental functioning areas. *Id.*

### 2. The ALJ considered Plaintiff's mental status when crafting the RFC assessment and discounted her subjective complaints.

The bulk of Plaintiff's arguments rest on her subjective complaints. Doc. 23, at 7, 10-11 (outlining her testimony about her mental limitations); 11 (citing her treatment record where Plaintiff "reported" instances in which she could not get out of bed; "noted issues with sleep"; "expressed feelings of frustration and depression"; "discussed trouble remembering"; and "continued to report difficulty with stress"). The ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; . . . the claimant's statements considering the intensity, persistence and limiting effects of these symptoms are entirely consistent with the medical evidence and other evidence in the record . . . ." AR 22. The Court finds that the ALJ's consistency findings are supported by substantial evidence and legally sound.

In considering the "entire record," *id.* at 21, 24, the ALJ heard Plaintiff's testimony and considered her subjective complaints, including the limitations she believed her depression and pain imposed. The factors the ALJ should consider in determining whether a claimant's pain is in fact disabling include

the claimant's attempts to find relief and willingness to try any treatment prescribed; a claimant's regular contact with a doctor; the possibility that psychological disorders combine with physical problems; the claimant's daily activities; and the dosage, effectiveness, and side effects of the claimant's medication. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012); *see also* SSR 16-3p, 2017 WL 5180304 at *7-8 (Oct. 25, 2017) (listing similar factors); 20 C.F.R. § 404.1529(c)(3).

After acknowledging Plaintiff's adjustment disorder and depressed mood, the ALJ considered Plaintiff's daily activities, such as driving, doing some household chores, caring for her personal needs, tending of pets, and shopping. AR 19, 22, 63, 70. In discounting Plaintiff's consistency, the ALJ considered the longitudinal medical history. *Id.* at 23. He also noted Plaintiff's "conservative pain management modalities." *Id.*

The ALJ's discussion satisfies SSR 16-3p. The ALJ may compare Plaintiff's allegations to the objective findings and her activities of daily living as part of the consistency analysis. *See* 20 C.F.R. § 404.1529(c)(3)-(4) (ALJ must consider factors including daily activities, in determining whether conflicts exist between claimant's statements and other evidence). Plaintiff points to no objective medical evidence suggesting greater mental limitations.

### 3. Substantial evidence supports the ALJ's determination Plaintiff could perform her past relevant work.

Plaintiff maintains the ALJ found her capable of performing only "basic mental work activities," but complains the ALJ did not explain why she can perform semiskilled and skilled occupations. Doc. 23, at 8-9. The SSA has identified fourteen basic mental abilities needed for any job, POMS DI 25020.010(B)(2),[3] specific aspects of which are critical for performing unskilled work. *See id.* DI 25020.010(B)(3). The agency recognizes that semiskilled and skilled work require the fourteen basic mental abilities noted above and often present "an **increasing requirement for understanding** and **memory** and for **concentration** and **persistence**, e.g.: the ability to: understand and remember detailed instructions, carry out detailed instructions, and set realistic goals or make plans independently of others." *Id.* DI 25020.010(B)(4). The agency recognizes that in semiskilled and skilled work "[o]ther special abilities may be needed depending upon the type of work and specific functions it involves." *Id.*

The ALJ noted that the "[t]he vocational expert testified that the claimant's past relevant work as a secretary was skilled with a [SVP] code of

---

[3] https://secure.ssa.gov/poms.NSF/lnx/0425020010 (last visited June 16, 2021).

six (6) and required the following skills: customer service, data entry, telephone work, knowledge/use of computer and office equipment, information giving, and management skills." AR 26. The ALJ found Plaintiff could perform her past relevant work as a paralegal (SVP 7, the second to the highest vocational preparation level), and of secretary (SVP 6). *Id*. at 25-26.

While perhaps Plaintiff retains the mental abilities to perform work as a paralegal the ALJ failed to address that issue. It is the Commissioner's responsibility (here the ALJ's) to assess RFC and to compare a claimant's RFC with the mental demands of a job, and the Court may not substitute its judgment for the Commissioner's. So, remand would be needed for a proper evaluation, unless that ALJ's alternative findings provide a proper basis to support a finding of not disabled. Here, the vocational expert did note the transferable skills needed for secretary and that Plaintiff had such skills. *Id*. at 77.

At step five, the ALJ asked the vocational expert about other transferable skills Plaintiff retained. *Id*. at 77-78. The vocational expert testified she retained the transferable skills of overseeing the activities of others, scheduling staff, interviewing staff, making deposits, and numerical and general record keeping, *Id*. at 78. The remaining jobs the ALJ found at step five were first those that could be performed by an individual with these

transferable skills having the same age, education, past relevant work experience, and RFC as Plaintiff: receptionist (SVP 3), information clerk (SVP 4), and telephone solicitor (SVP 3). *Id.* at 26. The second batch of jobs were for an identical individual, save for the past relevant work experience: general clerk (SVP 3), customer service representative (SVP 3), and companion (SVP 3). *Id.* at 27. And the vocational expert testified that no additional skills were needed for any of these jobs *Id.* at 79. So, even if the ALJ did not make the necessary findings as to additional skills for the paralegal position, the ALJ made sufficient findings with respect to the transferable skills for the remaining jobs. *Cf. Leah A.D. v. Saul*, 2020 WL 2849475, at *5 (D. Kan June 2, 2020) (remanding where "there is no record evidence stating the actual, specific mental abilities demanded by that work (beyond the general statement of an SVP of 8) and there is no discussion in the decision at issue or in the hearing colloquy between the ALJ and the [vocational expert] regarding the increased mental abilities required to perform the job and no specific discussion or finding that Plaintiff has mental abilities greater than those necessary to perform <u>basic</u> mental work activities").

## III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 6th day of July, 2021.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE